## STATE OF CONNECTICUT *v.* TODD DELLACAMERA
### (AC 29115)

Flynn, C. J., and McLachlan and Beach, Js.

Argued June 11—officially released September 30, 2008

*Mark R. Soboslai*, with whom was *Ross M. Kaufman*, for the plaintiff in error.

*Harry Weller*, senior assistant state's attorney, for the defendant in error.

*Opinion*

PER CURIAM. The plaintiff in error, Todd Dellacamera, brought a writ of error challenging the constitutionality of General Statutes § 46b-38c.[1] He claims in

[1] General Statutes § 46b-38c provides in relevant part: "(d) In all cases of family violence, a written or oral report and recommendation of the local family violence intervention unit shall be available to a judge at the first court date appearance to be presented at any time during the court session on that date. A judge of the Superior Court may consider and impose the following conditions to protect the parties, including, but not limited to: (1) Issuance of a protective order pursuant to subsection (e) of this section; (2) prohibition against subjecting the victim to further violence; (3) referral to a family violence education program for batterers; and (4) immediate referral for more extensive case assessment. Such protective order shall be an order of the court, and the clerk of the court shall cause (A) a certified copy of such order to be sent to the victim, and (B) a copy of such order, or the information contained in such order, to be sent by facsimile or other means within forty-eight hours of its issuance to the law enforcement agency for the town in which the victim resides and, if the defendant resides in a town different from the town in which the victim resides, to the law enforcement agency for the town in which the defendant resides. If the victim is employed in a town different from the town in which the victim resides, the clerk of the court shall, upon the request of the victim, send, by facsimile or other means, a copy of such order, or the information contained in such order, to the law enforcement agency for the town in which the victim is employed within forty-eight hours of the issuance of such order.

"(e) A protective order issued under this section may include provisions necessary to protect the victim from threats, harassment, injury or intimidation by the defendant, including, but not limited to, an order enjoining the defendant from (1) imposing any restraint upon the person or liberty of the victim, (2) threatening, harassing, assaulting, molesting or sexually assaulting the victim, or (3) entering the family dwelling or the dwelling of the victim. Such order shall be made a condition of the bail or release of the defendant and shall contain the following language: 'In accordance with section 53a-223 of the Connecticut general statutes, any violation of this order constitutes criminal violation of a protective order which is punishable by a term of imprisonment of not more than five years, a fine of not more than five thousand dollars, or both. Additionally, in accordance with section 53a-107 of the Connecticut general statutes, entering or remaining in a building or any other premises in violation of this order constitutes criminal trespass in the first degree which is punishable by a term of imprisonment of not more than one year, a fine of not more than two thousand dollars,

essence that the extension of a criminal protective order to prevent contact with his daughter violated his constitutionally protected rights to family integrity and due process. The state, the defendant in error, moved to dismiss the writ of error for lack of subject matter jurisdiction.[2] We ordered supplemental briefs and oral argument on the issue of whether review of a family violence protection order issued pursuant to § 46b-38c can be brought by way of a writ of error when a plaintiff in error can, and did, seek expedited appellate review by way of a petition for review pursuant to General Statutes § 54-63g.[3] We conclude that the writ of error is improper and, accordingly, dismiss the writ.

The record reveals the following relevant facts and procedural history. In May, 2007, following an alleged altercation with his wife at their home, the plaintiff in error was arrested and charged with disorderly conduct

or both. Violation of this order also violates a condition of your bail or release, and may result in raising the amount of bail or revoking release.' Every order of the court made in accordance with this section after notice and hearing shall also contain the following language: 'This court had jurisdiction over the parties and the subject matter when it issued this protection order. Respondent was afforded both notice and opportunity to be heard in the hearing that gave rise to this order. Pursuant to the Violence Against Women Act of 1994, 18 USC 2265, this order is valid and enforceable in all fifty states, any territory or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico and tribal lands.' The information contained in and concerning the issuance of any protective order issued under this section shall be entered in the registry of protective orders pursuant to section 51-5c."

[2] In its motion to dismiss, the state argued, inter alia, that the writ of error is moot because the trial court had dismissed all criminal charges against the plaintiff in error and that the criminal prosecution ended and the protective order dissolved as a matter of law. Because we conclude that the writ of error should be dismissed on our own motion, no action is necessary on the state's motion to dismiss.

[3] General Statutes § 54-63g provides: "Any accused person or the state, aggrieved by an order of the Superior Court concerning release, may petition the Appellate Court for review of such order. Any such petition shall have precedence over any other matter before said Appellate Court and any hearing shall be heard expeditiously with reasonable notice."

in violation of General Statutes § 53a-182, interfering with an emergency call in violation of General Statutes § 53a-183b and unlawful restraint in the second degree in violation of General Statutes § 53a-96. He subsequently was arraigned and released on bond. As a condition of release, the court, *Reynolds, J.*, on May 7, 2007, issued a family violence protective order pursuant to § 46b-38c. The protective order prohibited the plaintiff in error from having any contact with his wife and was extended to include his minor daughter. The protective order was modified twice, first by the court, *Bellis, J.*, on May 16, 2007, to allow the plaintiff in error to have limited telephone contact with his daughter, and later by the court, *Hon. Jack C. Grogins*, judge trial referee, on June 19, 2007, to permit the plaintiff in error to participate in therapy sessions with his daughter.

A dissolution action was commenced on May 17, 2007. In July, 2007, the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, conducted evidentiary hearings on a motion for pendente lite orders of joint custody and for a parenting plan. The court was aware of the protective order issued in connection with the criminal proceedings but nonetheless granted the plaintiff in error some visitation privileges with his daughter. Judge Owens stated on the record that he did not believe that his orders conflicted with the terms of the criminal protective order as modified.

After Judge Owens' orders were issued, the state filed in the criminal case a "motion for determination of priority of orders." On July 12, 2007, following a hearing, Judge Grogins ruled that the criminal protective order took precedence over and overruled the civil order to the extent that the two orders were inconsistent.

The plaintiff in error subsequently filed in this court a petition for review of Judge Grogins' ruling, pursuant to § 54-63g. On October 24, 2007, a panel of this court

granted review of that petition but denied the relief requested, thereby allowing Judge Grogins' ruling to stand. The plaintiff in error also brought a writ of error to the Supreme Court, which writ challenged Judge Grogins' ruling that the protective order took precedence over the family court order. The matter was transferred to this court by the Supreme Court pursuant to Practice Book § 65-1. On February 15, 2008, the state filed a motion to dismiss the plaintiff in error's writ of error for lack of subject matter jurisdiction. On April 29, 2008, we ordered the parties to file simultaneous supplemental briefs addressing the issue of whether review of a family violence protection order issued pursuant to § 46b-38c can be brought by way of a writ of error when a plaintiff in error can, and did, seek expedited appellate review by way of a petition for review pursuant to § 54-63g.

A writ of error is not available where the claimed error "might have been reviewed by process of appeal . . . ." Practice Book § 72-1 (b) (1). An interlocutory order concerning release may be reviewed by a petition for review pursuant to § 54-63g. *State* v. *Ayala*, 222 Conn. 331, 338–40, 610 A.2d 1162 (1992). For persons aggrieved by orders concerning release in criminal cases, the General Assembly has provided the exclusive remedy of the petition for review. The existence of the legislatively created remedy precludes the use of a writ of error to review an order concerning release.

The writ of error is dismissed.